UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-541-F

| | |
|---|---|
| CHARLES BENZING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WAKE COUNTY, MAGISTRATE ) | |
| STEVEN A. TIBBETS, ALICE C. ) | |
| STUBBS, and KATEY M. REGAN, ) | |
| ) | |
| Defendants. ) | |

This matter is before the court on the Motion to Dismiss filed by Defendant Magistrate Stephen A. Tibbetts [DE-6]; the Motion to Quash Summons by Defendant Wake County [DE-11]; the Motion to Dismiss filed by Defendant Katey Regan [DE-13], and the Motion to Dismiss filed by Alice C. Stubbs [DE-22]. The motions are ripe for disposition.

## I. PROCEDURAL AND FACTUAL HISTORY

The *pro se* Plaintiff initiated this action by filing an Application to Proceed without Prepayment of Fees [DE-1] on November 30, 2010. On April 5, 2011, Plaintiff paid the required filing fee, and the Complaint [DE-4] was filed.

In the Complaint, Plaintiff alleges that Defendant Magistrate Steven A. Tibbets issued a warrant for Plaintiff's arrest, based on "untrue and malicious testimony" of Defendant Katey Regan. Compl. [DE-4] ¶ 12. Defendant Regan is Plaintiff's former girlfriend and adversary in state court domestic proceedings.[1] *Id.* at ¶¶ 3-9. Plaintiff alleges Magistrate Tibbetts issued the order of arrest "without cause" denying him due process of law. *Id.* at ¶¶ 23-25.

---

[1] Plaintiff also names Regan and her attorney, Defendant Alice Stubbs, as a defendant in a related case, *Benzing v. Tharrington-Smith, LLP*, 5:10-CV-533-F.

Plaintiff eventually was arrested on the basis of the warrant, and he alleges that while he was being processed, Regan took control of various personal and professional documents belonging to Plaintiff as well as tools he used in his construction company. *Id.* at ¶¶ 14, 17-18. Plaintiff alleges that the foregoing was the result of a plan devised by Regan's attorney, Defendant Alice C. Stubbs. *Id.* at ¶ 11. Plaintiff also alleges that following his arrest, Magistrate Tibbets "refused to reverse his decision" on the arrest warrant. *Id.* at ¶ 28. Plaintiff seeks damages for his alleged injuries. Compl., Prayer for Relief ¶¶ 1-4.

Defendants Magistrate Tibbets, Regan, and Stubbs all have filed motions to dismiss. Defendant Wake County filed a motion to quash summons.

## II. STANDARD OF REVIEW

"The district courts of the United States are courts of limited subject matter jurisdiction." *United States ex rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009) (citing *Exxon Mobil Corp. v. Allapattah Servs. Inc.*, 545 U.S. 546, 552 (2005)). Generally, a district court only has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States ("federal question jurisdiction"), 28 U.S.C. § 1331, or claims for more than $75,000.00 where the parties are citizens of different states ("diversity jurisdiction"), *id.* § 1332.

A defendant may challenge subject matter jurisdiction pursuant to Rule 12(b)(1) facially or factually. *See Wollman v. Geren*, 603 F. Supp. 2d 879, 882 (E.D. Va. 2009). If the defendant presents a facial challenge by arguing the complaint fails to allege facts upon which subject matter jurisdiction can be based, all facts alleged in the complaint are presumed true. *See Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Alternatively, if the defendant presents a factual challenge by arguing that jurisdictional facts alleged in the complaint are untrue, the court may

2

consider extrinsic information beyond the complaint to determine whether subject matter jurisdiction exists. *See Kerns v. United States,* 585 F.3d 187, 192-93 (4th Cir. 2009). "[W]hen the jurisdictional facts and the facts central to a tort claim are inextricably intertwined, the trial court should ordinarily assume jurisdiction and proceed to the intertwined merits issues." *Id.* at 193 (citing *Jadhav,* 555 F.3d at 348). In both situations, the burden rests with the plaintiff to prove that federal jurisdiction is proper. *See Richmond, Fredericksburg & Potomac R. Co. v. United States,* 945 F.2d 765, 768 (4th Cir. 1991).

Even if a court has subject matter jurisdiction over an action, Rule 12(b)(6) allows a court to dismiss an action which fails to state a claim on which relief may be granted. Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.,* 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)); *Ashcroft v. Iqbal,* __ U.S.__, 129 S. Ct. 1937, 1950 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). When considering a motion to dismiss, the court must keep in mind that " a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson,* 551 U.S. at 93 (internal citation omitted). Notwithstanding the court's obligation to liberally construe a *pro se* plaintiff's allegations, however, the court cannot ignore a clear failure to allege facts which set forth a claim cognizable

3

in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.").

## III. ANALYSIS

At the outset, the court notes that Plaintiff does not allege a basis for subject matter jurisdiction in this court. Nevertheless, it is apparent from the Complaint that this court does not have diversity jurisdiction over this action. All the parties are citizens of North Carolina, preventing this court from exercising jurisdiction under 28 U.S.C. § 1332.

Accordingly, for this court to have federal question jurisdiction, Plaintiff must allege a "colorable claim 'arising' under the Constitution or laws of the United States." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006)(citing *Bell v. Hood*, 327 U.S. 678, 681-85 (1946)). This he has not done. The claims alleged in the Complaint–misuse of justice/malicious prosecution, abuse of power–are state tort actions. *See Chidnese v. Chidnese*, ___ N.C. App. ___, 708 S.E.2d 725, 731 (2011). Even if this court broadly construes the Complaint as attempting to allege a claim for damages under 42 U.S.C. § 1983 for deprivation of Plaintiff's constitutional rights carried out under color of law, such a claim fails. All the allegations regarding Magistrate Tibbetts concern acts he took in his judicial capacity, within his jurisdiction. As such, Magistrate Tibbets is entitled to absolute immunity for all of the acts complained of in the Complaint. *See Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987)("As judicial officers, magistrates are entitled to absolute immunity for acts performed in their judicial capacity.").

4

Any attempt to allege a claim under § 1983 against Defendants Regan and Stubbs fares no better. Plaintiff fails to allege any facts which would give rise to the plausible inference that Regan or Stubbs were acting "under color of law." *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (explaining that a successful § 1983 claim requires "that the conduct complained of was committed by a person acting under color of state law"). *Cf. Phillips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 181 n.6 ("One commentator suggests, based upon Supreme Court precedent, that private parties may theoretically be sued under § 1983 using several theories" including symbiotic relationship, public function, close or joint nexus, joint participation (also known as conspiracy), and pervasive entwinement.") (citing FEDERAL JUDICIAL CENTER, MARTIN A. SCHWARTZ & KATHRYN A. URBONYA, SECTION 1983 LITIGATION 88 (2d ed. 2008)). Finally, Plaintiff pleads no facts which would give rise to a plausible claim against Wake County.

Because Plaintiff fails to plead a colorable claim arising under the Constitution or laws of the United States, the court does not have federal question jurisdiction over this action. The court, therefore, lacks subject matter jurisdiction of this dispute and the Motions to Dismiss [DE-6; DE-13; DE-22] are ALLOWED.

## IV. CONCLUSION

For the foregoing reasons, the Motions to Dismiss [DE-6; DE-13; DE-22] are ALLOWED, and Plaintiff's Complaint [DE-4] is DISMISSED. All other pending motions are denied as moot. The Clerk of Court is DIRECTED to close this case.

SO ORDERED.

This the 19th day of January, 2012.

                                                  James C. Fox
                                                Senior United States District Judge